UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL GUMNS, MICHAEL VIDEAU, TREVON WILEY, IAN CAZENAVE, REGINALD GEORGE, LIONEL TOLBERT, OTTO BARRERA, KENTRELL PARKER, MICHAEL ROBINSON, JULIUS ALLEN, ERNEST ROGERS, ALFOANSO GARNER, BRADLEY WINTERS, KENDRICK WILSON, and JAMES HUGHES, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BEL EDWARDS, in his official capacity as Governor of the State of Louisiana; LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; JAMES LEBLANC, in his official capacity as Secretary of the Department of Safety and Corrections; JOHN MORRISON, in his official capacity as Medical Director of the Department of Safety and Corrections; LOUISIANA DEPARTMENT OF HEALTH; and STEPHEN R. RUSSO, in his official capacity as Interim Secretary of the Louisiana Department of Health,<br><br>Defendants. | CIVIL ACTION NO.<br><br>CLASS ACTION |

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS FROM TRANSFERRING COVID-19 CARRIERS TO LOUISIANA STATE PENITENTIARY**

NOW INTO COURT COME Plaintiffs in the above-captioned matter, through undersigned counsel, who move this Honorable Court to issue a Temporary Restraining Order (TRO) in order to prevent Defendants from continuing the transfer of people who are COVID-19 carriers from state and local facilities across Louisiana to the Louisiana State Penitentiary ("LSP"). In

direct contravention of public health recommendations and plain common sense, Defendants are implementing a dangerous plan to transfer COVID-19 patients from every part of the State to the remote and notoriously inhumane Camp J at LSP. By crowding large numbers of COVID-19 patients into a facility far removed from hospitals and constitutionally adequate medical care but yet in dangerously close proximity to LSP's medically vulnerable population, this deadly course of action promises to result in the preventable deaths of dozens—if not hundreds or thousands—of people, including Plaintiffs, putative class members, LSP staff, and people in the community.

As set forth in Plaintiffs' Memorandum in Support of this motion, the evidence indisputably satisfies the four-factor test for a temporary restraining order (TRO) enjoining Defendants' "Camp J Plan." Defendants' deliberate decision to isolate COVID-19 patients far from crucially needed adequate medical care and in close proximity to medically vulnerable patients at LSP subjects Plaintiffs and the putative class to a substantial and unconstitutional risk of serious harm. That substantial risk is exponentially compounded by pre-existing unconstitutional defects in LSP's medical system as well as by serious and systemic deficiencies in Defendants' overall COVID-19 plan. As a result, there can be no serious dispute that Plaintiffs will suffer irreparable harm—and possibly preventable death—absent an immediate injunction. The public interest weighs heavily against a plan that would not only deprive COVID-19 patients with access to necessary medical care but also result in the spread of COVID-19 amongst LSP patients and staff as well as the community at large. And even assuming Defendants' suffered some *de minimis* harm from an injunction, such hypothetical harm pales in comparison to the risks to the health and safety of Plaintiffs. Accordingly, Plaintiffs respectfully request that the Court immediately restrain Defendants from transferring patients with COVID-19 to Camp J, and then issue a preliminary injunction enjoining the transfer plan once the parties have fully briefed the issue.

Federal Rule of Civil Procedure 65(c) provides that the Court should levy "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Given that there are no costs or damages associated with the relief Plaintiffs request (simply restraining Defendants from transferring people to LSP), the "proper" amount is zero dollars.

If the Court does determine that a different amount would be proper, Plaintiffs respectfully request that the Court waive the bond requirement, given the obviousness of the risk to Plaintiffs' health, their indigence, and the strong public interest involved.[1] Furthermore, the requirement of a bond is contrary to the proposition that inadequate resources under no circumstances justify a prison's deprivation of constitutional rights.[2] Consistent with this well-established principle, this Court should not require Plaintiffs, who are indigent, to post a bond in order to protect their constitutional rights.

For the reasons in the attached memorandum, the Court should immediately issue an order temporarily restraining Defendants from transferring inmates with COVID-19 to LSP; and, after a hearing, preliminarily enjoin Defendants from doing so. Counsel for the Plaintiffs, Mercedes Montagnes, will be available by phone at the pleasure of the Court. She has called chambers to provide her cell phone number.

Respectfully submitted this 14th day of April, 2020.

/s/ Mercedes Montagnes

Mercedes Montagnes, La. Bar No. 33287
Jamila Johnson, La. Bar No. 37953
Nishi Kumar, La. Bar No. 37415

---

[1] *See, e.g.*, *Molton Co v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (approving waiver of bond given strength of case and "the strong public interest" involved); *Campos v. INS*, 70 F. Supp. 2d 1296, 1310 (S.D. Fla. 1998) (because plaintiffs were indigent and sought to vindicate their constitutional rights, consistent with the public interest, the court did not require a bond).
[2] *See, e.g.*, *Smith v. Sullivan*, 553 F.2d 373, 378 (5th Cir. 1977) (inadequate resources can never be a justification for depriving an inmate of his constitutional rights).

3

        The Promise of Justice Initiative
        1024 Elysian Fields Avenue
        New Orleans, LA 70117
        Telephone: (504) 529-5955
        Facsimile: (504) 595-8006
        Email: mmontagnes@defendla.org

        Jared Davidson, La. Bar No. 37093
        Southern Poverty Law Center
        201 Saint Charles Avenue, Suite 2000
        New Orleans, LA 70170
        Telephone: (504) 486-8982
        Facsimile: (504) 486-8947
        Email: jared.davidson@splcenter.org

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Mercedes Montagnes, an attorney, hereby certify that on April 14, 2020, I caused a copy of the foregoing to be filed using the Court's CM/ECF system.

    I further certify that I, or another one of Plaintiffs' attorneys, will promptly electronically serve a copy of the same, along with all other pleadings and papers filed in the action to date to the General Counsel for the Louisiana Department of Corrections, the General Counsel for the Louisiana Governor, and the General Counsel for the Louisiana Department of Health, as well as the Louisiana Department of Justice Director of Litigation via email.

        /s/ Mercedes Montagnes

        Mercedes Montagnes, La. Bar No. 33287